PHILLIP A. TALBERT
United States Attorney
DEBORAH LEE STACHEL, CA SBN 230138
Regional Chief Counsel, Region IX
Social Security Administration
ELIZABETH FIRER
Special Assistant United States Attorney
    160 Spear Street, Suite 800
    San Francisco, California 94105
    Telephone: (415) 977-8958
    Facsimile: (415) 744-0134
    E-Mail: Elizabeth.Firer@ssa.gov

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEVIN BLANKENSHIP,<br><br>    Plaintiff,<br><br>        v.<br><br>NANCY A. BERRYHILL,[1]<br>Acting Commissioner of Social Security,<br><br>    Defendant. | No. 2:16-cv-01024-AC<br><br>**STIPULATION AND [PROPOSED] ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d), AND COSTS PURSUANT TO 28 U.S.C. § 1920** |

    IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees, expenses and costs in the amount of one thousand seven hundred and fifty dollars ($1,750) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and 28 U.S.C. § 1920. This amount represents compensation for all legal services, expenses and costs rendered on behalf of

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to counsel.  Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to counsel, pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered to counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or counsel including counsel's firm may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of counsel and/or counsel's firm to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

DATE:  February 13, 2017                        Respectfully submitted,

PHILLIP A. TALBERT
United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX
Social Security Administration

/s/ *Elizabeth Firer*
ELIZABETH FIRER
Special Assistant United States Attorney

DATE:  February 13, 2017                                Respectfully submitted,

s/ *Kelsey Mackenzie Brown*
KELSEY MACKENZIE BROWN
Attorney for Plaintiff
(per email authorization)

<u>ORDER</u>

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: February 14, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3